**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES LIABILITY
INSURANCE COMPANY,

    Plaintiff,

v.                                          Case No. 6:14-cv-2082-Orl-37TBS

ALLEN BROUSSARD
CONSERVANCY, INC.; DR. WILLIAM
BROUSSARD; MARGARET R.
BROUSSARD; DANE HUFFMAN;
DENNIS MODRAK; MARTHA
SINCLAIR; KEN WILSHIRE; JIM
PALERMO; THE ESTATE OF HERKY
HUFFMAN; and STEVE WAGNER,

    Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendants' Motion to Dismiss and Supporting Memorandum of Law (Doc. 35), filed February 11, 2015; and

2. Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 47), filed March 25, 2015.

**BACKGROUND**

This action concerns Non-Profit Directors & Officers Professional Liability Insurance Policy Number NDO1555067 ("Policy"), which Plaintiff United States Liability Insurance Company issued to Defendant Allen Broussard Conservancy, Inc. ("Conservancy"). (Doc. 1; Doc. 1-2, pp. 69–101 (providing copy of the Policy).) The Policy provides coverage up to an aggregate limit of $1,000,000.00 per year when an Insured

incurs a legal obligation to pay money because of "Claims" first made against an Insured during the "Policy Period" for "'Wrongful Acts' arising solely out of an Insured's duties on behalf of the Conservancy." (*See* Doc. 1, ¶ 44.) The Policy Period is comprised of three consecutive one-year Coverage Periods from August 24, 2012 through August 25, 2015, and the Insureds include the Conservancy and the remaining Defendants in this action—Dr. William Broussard, Margaret R. Broussard, Dane Huffman, Dennis Modrak, Martha Sinclair, Ken Wilshire, Jim Palermo, Steve Wagner, and the Estate of Herky Huffman ("Board Defendants"). (*See* Doc. 1, ¶¶ 42, 43; Doc. 1-2, pp. 69, 71, 77, 78, 87–93.)

On August 16, 2014, the Defendants provided Plaintiff with notice of a dispute concerning certain funds the Conservancy received from Florida Eco-Safaris, Inc. ("FES"). (*See* Doc. 1, ¶¶ 49–51.) FES was "a for-profit corporation" that "operated tours"—including zip line tours—on the Conservancy's property. (*See id.* ¶¶ 20, 22, 24, 29.) Like the Conservancy, FES was founded by Dr. Broussard, but it allegedly ceased operations in 2010.[1] (*See id.*; Doc. 1-2, pp. 104–05.) On February 29, 2012, Experience Based Learning, Inc. ("EBL") obtained a $752,835.36 default judgment ("Judgment") against FES in a breach of lease and conversion action related to zip line courses installed on the Conservancy's property—*Experience Based Learning, Inc. v. Florida Eco-Safaris, Inc.*, No. 10 C 50315 (N.D. Ill.) ("EBL Action").[2] (*See* Doc. 1, ¶¶ 24–28, 32, 34–37; *see also* Doc. 1-2, pp. 26–37, 108–10.)

---

[1] Dr. Broussard and his spouse founded the Conservancy as a non-profit Florida corporation in 1990, and Dr. Broussard incorporated FES in 1997. (Doc. 1, ¶¶ 20, 22.)

[2] The Conservancy allegedly "holds approximately thirty-two hundred acres of undeveloped land as a Central Florida wildlife preserve." (*See* Doc. 1, ¶¶ 20, 42.)

On August 22, 2012, Dr. Broussard listed the Judgment in a voluntary Chapter 7 bankruptcy petition that he filed on behalf of FES—*In re: Florida Eco-Safaris, Inc.*, No. 6:12-bk-11411-KSJ (Bankr. M.D. Fla.) ("FES Bankruptcy").[3] (*See* Doc. 1, ¶¶ 49–51; Doc. 1-2, pp. 39–65, 111–12.) Two days later, Dr. Broussard submitted an application to Plaintiff for the Policy ("Application"). (*See* Doc. 1, ¶¶ 20, 37, 42; Doc. 1-1, pp. 66–68.) Plaintiff alleges that the Application omitted material information concerning FES, including that FES had made "large, mandatory 'donations'" to the Conservancy before filing the FES Bankruptcy. (*See* Doc. 1, ¶¶ 24–28, 32, 34–37.) In reliance on the Application, Plaintiff issued the Policy. (*See id.* ¶ 42.)

On August 21, 2014, the bankruptcy trustee in the FES Bankruptcy ("Trustee") initiated an adversary proceeding—*Trustee v. Florida EcoSafaris at Forever Fla., LLC*, No. 6:14-ap-00108-KSJ (Bankr. M.D. Fla.) ("Adversary Proceeding")—against the Conservancy, the Board Defendants, and several entities allegedly created and controlled by Dr. Broussard—Florida EcoSafaris at Forever Florida ("FES-FF"), EcoSafari Technologies, Inc. ("EST"), Florida Eco Nurseries, LLC, and Crescent J Ranch, Inc., (collectively "Broussard Entities"). (*See* Doc. 1, ¶¶ 39, 49–53; Doc. 1-2, pp. 95–154.) The Trustee seeks to recover property for the bankruptcy estate—including $950,526.67—based on allegations that the Conservancy, the Board Defendants, and the Broussard Entities orchestrated certain transactions with FES to "hinder, delay, and/or defraud FES's creditors."[4] (*See* Doc. 1-2, p. 113.)

---

[3] EBL was one of only three creditors identified in the petition. (*See* Doc. 1-2, p. 50.) Dr. Broussard identified himself as FES's largest creditor with a claim of $8,730,681.00 based on personal loans allegedly made to FES "for funding purposes." (*See id.*)

[4] Specifically, the FES Bankruptcy petition sets forth 23 distinct claims, including: (1) a $52,708.21 preference avoidance claim against the Conservancy (Doc. 1-2,

Defendants contend that "the Policy provides coverage" for the Adversary Proceeding, and Plaintiff disputes coverage. (*See* Doc. 1, ¶¶ 54, 61.) On December 19, 2014, Plaintiff filed this action seeking: (1) a declaratory judgment that it has "no duty to defend and/or indemnify" Defendants with respect to the Adversary Proceeding (Count One); and (2) rescission of the Policy pursuant to Florida Statutes § 627.409 (Count Two). (Doc. 1.) Arguing that the Trustee is "an indispensable party to this action," Defendants have moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. (Doc. 35.) Plaintiff filed a Response (Doc. 47), and the matter is ripe for adjudication.

## STANDARDS

Pursuant to Rule 12(b)(7) the defense of non-joinder must be raised by motion or in an initial pleading. Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19. Non-joinder occurs when a person who is needed for just adjudication is not a party to an action and: (1) "the court cannot accord complete relief among existing parties" absent joinder; or (2) the person to be joined "claims an interest relating to the subject of the action" and resolution of the action absent joinder will impair or impede the person's ability to protect the interest, or will "leave an existing party subject to a risk of incurring double, multiple, or otherwise inconsistent obligations." *See* Fed. R. Civ. P. 19(a). If joinder of the person will not deprive

---

pp. 114–15); (2) a $9,707.62 preference avoidance claim against FES-FF (*id.* 115–16); (3) a $25,000.00 preference avoidance claim against FES-FF and EST (*id.* at 117–18); (4) fraudulent transfer claims (*id.* at 119–29, 138–40); (5) claims for turnover of intellectual, tangible, and real property interests (*id.* at 130, 153–55); (6) Florida Deceptive & Unfair Trade Practices Act and Federal Trade Commission Act claims (*id.* at 130–32); (7) Lanham Act and Copyright Act claims (*id.* at 133–38); (8) common law trademark infringement claims (*id.* at 135–36); (9) successor liability claims (*id.* at 141–48); and (10) breach of fiduciary duty claims (*id.* at 148–53).

4

the court of subject-matter jurisdiction and the person to be joined is "subject to service of process" then joinder is "feasible" and the person is considered a "necessary" party. *See id.*

If joinder is not feasible, then the court must "determine whether, in equity and good conscience," the action should be dismissed based on consideration of:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which an prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

*See* Fed. R. Civ. P. 19(b). If the court concludes that the action cannot proceed, then the person is considered "indispensable" and dismissal of the action is required. *See In re Torcise*, 116 F.3d 860, 866 (11th Cir. 1997) ("[A] court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him.").

**DISCUSSION**

Defendants argue that the Court should dismiss this action because Plaintiff "failed to name" the Trustee even though she is a "third-party claimant" who, under Florida law, will not be bound by the result in this action absent joinder. (Doc. 35, p. 2.) Plaintiff counters that dismissal is not appropriate because Defendants have not established that

joinder of the Trustee in this action is not feasible. (*See* Doc. 47, p. 3.) The Court agrees with Plaintiff.

Defendants have the burden to establish that the Trustee is both necessary and indispensable in this action. *See In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1194 (11th Cir. 2015) (holding that movant "did not meet its burden of proving that [persons] not joined were both necessary and indispensable to the proceeding"). Speculative or conclusory arguments are insufficient to meet this burden. *See id.* (affirming rejection of non-joinder defense where the movant failed "to articulate a single non-conclusory reason" why joinder was necessary for the court to grant "complete relief among the exiting parties"); *In re Torcise*, 116 F.3d at 866–67 (rejecting movant's speculation); *see also United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 382 (1949); *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (11th Cir. 1980).

Here, Defendants provide only a superficial analysis of the parties' and Trustee's respective interests, and they simply ignore whether joinder of the Trustee in this action is feasible. (*See* Doc. 35.) Further, the cases cited by Defendants are not on point; rather, they concern unsuccessful efforts of third-party claimants to be dismissed from insurance coverage declaratory judgment actions—not an insured's assertion of a non-joinder defense based on the insurer's failure to join a third-party claimant. (*See* Doc. 35, p. 2 (citing *Amerisure Ins. Co. v. R.L. Lantana Boatyard Ltd.*, No. 10-80429, 2010 WL 4628231, *2 (M.D. Fla. Nov. 8, 2010) (denying third-party claimant's motion to be dismissed from insurer's declaratory judgment action); *Capitol Specialty Ins. Corp. v. R.G. Ranchero Grande Corp.*, No. 09-22685-CIV, 2010 WL 1541187, *2 (S.D. Fla. Apr. 16, 2010) (same); *Auto-Owners Inc. Co. v. Emerald Star Casino & Resorts*,

No. 8:09-cv-1129-T-24MAP, 2009 WL 3446745, *2 (M.D. Fla. Oct. 21, 2009) (same).)

Thus, assuming that the parties' dispute is not moot,[5] the Court finds that the Defendants' Motion to Dismiss is due to be denied.[6]

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss and Supporting Memorandum of Law (Doc. 35) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 3, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[5] Bankruptcy court records indicate that: (1) the Adversary Proceeding was resolved during a mediation conference; (2) all of the parties to this action were present at the mediation and agreed to the settlement; (3) the Trustee filed a Motion to approve the settlement between herself, FES, the Conservancy, the Board Defendants, the Broussard Entities, EBL, and the Plaintiff in this action. (*See Adversary Proceeding*, Doc. 25 (listing attendees, including Plaintiff's representative and coverage counsel); *see also FES Bankruptcy*, Doc. 46 (Trustee's Motion to Approve Settlement).) The matter is set for a hearing before the Bankruptcy Court on June 18, 2015 (*Adversary Proceeding*, Docs. 26, 27).

[6] The parties are reminded of their obligation "to immediately notify the Court upon the settlement" of this action. *See* Local Rule 3.08(a).